# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTONIO PIMENTEL CONTRERAS,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 3:15-cv-00061-LRH-VPC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 6) and respondents' motion to dismiss (ECF No. 12). The court finds that petitioner has not named the correct respondent and that petitioner has not exhausted his state-court remedies for two of his grounds. The court grants the motion in part.

    Pursuant to a plea agreement, petitioner was convicted in state district court of level-three trafficking in a controlled substance. Ex. 49 (ECF No. 14-23). Petitioner did not appeal the judgment.

    Petitioner filed a proper-person post-conviction habeas corpus petition in state district court. Ex. 51 (ECF No. 15). The state district court appointed counsel, who filed a supplement to the petition. Ex. 71 (ECF No. 15-20). After an evidentiary hearing, the state district court denied the petition. Ex. 104 (ECF No. 17-3). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 120 (ECF No. 17-19).

    Petitioner then commenced this action.

///

Respondents first argue that petitioner has named the incorrect respondent. The correct respondent is the warden of the prison where petitioner is held. Petitioner will need to file an amended petition in which he names the correct respondent.

Respondents next argue that two grounds for relief are not completely exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

In ground 4, petitioner invokes the Fifth Amendment's guarantee of due process and the Sixth Amendment's right to effective assistance of counsel. He alleges, in full, "Counsel was ineffective [as] representative for Mr. Contreras who had been untimely arraigned by the court (arraignment delay) prejudiced the defense." ECF No. 6, at 9. Respondents argue that petitioner has not presented any due-process claim to the Nevada Supreme Court on this issue. Respondents are correct. However, the allegations of the ground support only a claim of ineffective assistance of counsel. The due-process claim is unexhausted, but it also is without merit. Instead of requiring petitioner to decide what to do with the due-process claim, the court will dismiss it. See 28 U.S.C. § 2254(b)(2).

In ground 5, petitioner invokes the Fifth, Sixth, and Fourteenth Amendments.  Based upon the fast-track statement in the appeal from the denial of the state post-conviction petition, Ex. 112 (ECF No. 17-11), and the decision of the Nevada Supreme Court in that appeal, Ex. 120 (ECF No. 17-19), there appear to be three separate claims in ground 5.  Petitioner alleges, with the court's designation of those claims:

> [a] The guilty plea was not knowingly and voluntary as it was based upon misrepresentation by counsel/promise of counsel that was erroneous; [b] the credit for time served credited by the court was wrong and [c] Mr. Contreras (Contreras) was denied his right to appeal by counsel's conduct.

ECF No. 6, at 11.  Petitioner presented what are now grounds 5[a] and 5[c] to the Nevada Supreme Court on appeal from the denial of the state habeas corpus petition.  Ex. 112, at 15-17 (ECF No. 17-11, at 16-18).  The Nevada Supreme Court ruled on the merits of those claims.  Ex. 120, at 3-4 (ECF No. 17-19, at 4-5) (paragraphs starting "Fourth" and "Fifth").  Respondents argue that ground 5[b] is unexhausted because petitioner never presented the claim to the Nevada Supreme Court as an issue of federal law.  Petitioner did argue in his fast-track statement that the state district court calculated the credits for time served in pre-sentence detention incorrectly, but he argued the issue solely as a matter of state law, not federal law.  Ex. 112, at 17-18 (ECF No. 17-11, at 18-19).  The Nevada Supreme Court treated the argument as a claim of ineffective assistance of counsel.  Ex. 120, at 4-5 (ECF No. 17-19, at 5-6).  Respondents are correct that the federal-law issue as presented in ground 5[b] is unexhausted.  However, ground 5[b] also is without merit.  Nev. Rev. Stat. § 176.055 allows a person to receive credit against his sentence for the time that he spent in pre-sentence confinement.  Although § 176.055 is written in discretionary terms, it creates an entitlement to credit for time served.  Kuykendall v. State, 926 P.2d 781 (Nev. 1996).  A person receives pre-sentence credits for the time spent in detention prior to the sentencing hearing; time spent in detention after sentencing but before entry of the judgment of conviction is time served pursuant to the judgment of conviction.  See Nev. Rev. Stat. § 176.335(3).  Petitioner has received all the pre-sentence credits to which he is entitled.  If he were to receive pre-sentence credits for the days spent between the sentencing hearing and the entry of the judgment of conviction, those days

would be counted twice impermissibly. Instead of requiring petitioner to decide what to do with ground 5[b], the court will dismiss it. See 28 U.S.C. § 2254(b)(2).

Respondents next argue that grounds 3, 4, and 5 are conclusory and therefore not cognizable in this action. The court already has dismissed the due-process claim in ground 4 and ground 5[b], the claim that the trial court incorrectly calculated the credits for time spent in pre-sentence detention. The remaining claims, although presented conclusorily in this court, also were presented with detail to the Nevada Supreme Court. This court will be able to determine whether the Nevada Supreme Court's decisions on these claims were contrary to, or an unreasonable application of, clearly established federal law, even if petitioner's allegations are sparse. See 28 U.S.C. § 2254(d)(1).

Finally, respondents argue that ground 5[b], regarding the calculation of credits for time spent in pre-sentence detention, is barred because it is solely a claim of state law. The court already has dismissed this claim because, even if it did allege a violation of federal law, it was unexhausted and also without merit. See 28 U.S.C. § 2254(b)(2).

Petitioner will need to file an amended petition, in which he does two things. First, petitioner must name as respondent the warden of the prison where he is held. Second, petitioner must eliminate the claims that the court has found to be without merit. In the case of ground 4, petitioner must not allege a violation of the Due Process Clause of the Fifth Amendment. In the case of ground 5, petitioner must not allege the part of the ground that the court has described as ground 5[b]. The amended petition will replace the original petition completely. Therefore, petitioner will need to re-allege all of his other grounds that have not been dismissed, without reference back to the original petition, or those grounds will be waived.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#12) is **GRANTED** in part. The due-process claim in ground 4, and ground 5[b], as described above, are **DISMISSED** from this action.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to

correct the noted deficiencies.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.  Failure to comply with this order will result in the dismissal of this action.

   IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 3:15-cv-00061-LRH-VPC, above the word "AMENDED."

   DATED this 29th day of June, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE